# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

| | |
|---|---|
| MARQUIS YOUNG, | ) |
| Petitioner, | ) |
| vs. | ) CAUSE NO. 3:12-CV-165 |
| SUPERINTENDENT, | ) |
| Respondent. | ) |

## OPINION AND ORDER

This matter is before the court on the Amended Petition under 28 U.S.C. Paragraph 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Marquis Young, a *pro se* prisoner, on May 29, 2012. For the reasons set forth below, the court **DENIES** this petition for writ of habeas corpus, and **DIRECTS** the Clerk to close this case.

BACKGROUND

Marquis Young, a *pro se* prisoner, was found guilty of assault on staff in violation of A-117 by the Disciplinary Hearing Body ("DHB") at the Westville Correctional Facility on October 23, 2011, under cause number WCC 11-10-082. He was sanctioned with the loss of 365 days earned credit time and demoted from credit class 1 to credit class 3. Young raises four grounds in his habeas corpus petition.

DISCUSSION

In ground one, Young argues that the officer he assaulted did not follow prison policy and call a "signal 20" when the attack occurred. However, the violation of a prison policy is irrelevant because "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). There is no federal requirement that State prison guards call a "signal 20" when they are attacked; therefore this presents no basis for habeas corpus relief.

In ground two, Young argues that the DHB did not review the video of the incident. This is incorrect. The Hearing Report (DE #12-8) indicates that the video was considered and the Video Review Sheet (DE #12-7) provides a summary of the video. Young states that the incident occurred in front of the door and the summary report states, "Door not visible in Camera's view." *Id.*

In ground three, he alleges that he was denied the opportunity to call two witnesses. However, he did not raise this claim during his administrative appeals, and therefore it is procedurally defaulted. *Moffat v. Broyles*, 288 F.3d 978, 982 (7th Cir. 2002) ("[T]o exhaust a claim, and thus preserve it for collateral review under § 2254, a prisoner must present that legal theory to the . . . Final Reviewing Authority . . . .").

In ground four, he alleges that he was found guilty because he is larger than the guard. This is incorrect. Though the size difference may have made it more believable that he was able to push the guard into the wall, the Hearing Report (DE #12-8) makes it clear that Young was found guilty because the hearing officer believed the guard's statement in the Conduct Report that Young pushed her and caused the cuts on her hand. *See McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (even a conduct report alone can provide evidence sufficient to support the finding of guilt.)

CONCLUSION

For the foregoing reasons, the Court **DENIES** this petition for writ of habeas corpus, and **DIRECTS** the Clerk to close this case.

**DATED: November 1, 2013** /s/RUDY LOZANO, Judge
**United State District Court**